Filed 1/13/21  In re E.L. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re E.L. et al., Persons Coming Under the Juvenile Court Law. | B304401 (Los Angeles County Super. Ct. No. 19CCJP07849) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. V.L., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge. Affirmed in part, reversed in part and remanded with directions.

Lisa A. Raneri, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kim Nemoy, Acting Assistant County Counsel, Brian Mahler, Deputy County Counsel for Plaintiff and Respondent.

The juvenile court exercised dependency jurisdiction over the two children of V.L. and ordered them removed from his physical custody and placed with their mother, M.A. V.L. challenges the restraining order issued to protect M.A. and their children from him. He contends the court erred by imposing the restraining order for four years and naming his children as protected individuals. We remand for the imposition of a restraining order with a duration of three years and affirm the order in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

On the night of December 3, 2019, V.L. and M.A. argued because V.L. was intoxicated. He began yelling, throwing things and slamming doors. M.A. feared he would awaken their children, aged eight and five years old. She handed V.L. his keys, told him to sleep in the car or in the garage, and locked him out of the house. V.L. managed to reenter the home, and M.A. called the police. Officers arrived, and V.L. calmed down.

The next morning, V.L. was still intoxicated from the night before and stayed home from work. He claimed to have no memory of what had happened, but he told the children their mother had called the police on him. Hearing that, M.A. said she was going to take the children and leave. V.L. grabbed a handgun and ammunition from a case and repeatedly threatened to commit suicide. The children cried and implored him not to kill himself. When V.L. went into the bathroom, M.A. left with the children. She telephoned the police. Arriving officers confiscated V.L.'s firearm.

On January 7, 2020, M.A. obtained a temporary restraining order protecting her and the children from V.L. The order was to expire on the date of the jurisdiction hearing.

At the jurisdiction hearing on January 23, 2020, V.L signed a waiver form and pleaded no contest. The juvenile court sustained the dependency petition as amended and found V.L.'s alcohol abuse prevented him from caring for the children, and his behavior on December 4, 2019 placed them at risk of serious physical harm within the meaning of Welfare and Institutions Code section 300, subdivision (b)(1). [1]

The juvenile court then proceeded with the disposition hearing and M.A.'s request for a permanent restraining order. V.L was in general agreement with the case plan but opposed M.A.'s request for a restraining order. He urged the court to implement instead a mutual stay-away order. V.L argued he was taking steps to address his alcohol abuse by participating in AA meetings, individual counseling, parenting classes, and drug and alcohol testing. At the very least, V.L asked that the restraining order not include the children and be imposed for one year, rather than three years. The court stated, "My usual restraining order is for five years." V.L. requested the court to consider an order of shorter duration.

At the conclusion of the disposition hearing, the juvenile court declared the children dependents of the court and ordered the children to remain removed from V.L. and placed with M.A. The court also ordered appropriate services for the parents and visitation for V.L. to be monitored by the Department of Children and Family Services (Department).

---

[1]	Further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

3

The juvenile court granted M.A.'s request for a restraining order to protect her and the children from V.L., noting the "serious nature of the original incident, including the possession of a firearm." The order was to expire on January 22, 2024 and "to mirror" the conditions of the temporary restraining order, including the Department's ability to liberalize V.L.'s visitation in writing.

V.L. timely appealed.

## DISCUSSION

### A.     The Juvenile Court Lacked Jurisdiction To Issue a Four-Year Restraining Order

Section 213.5 enables a juvenile court to issue an order to protect a dependent child and the child's caregiver once a dependency petition has been filed. In pertinent part, the statute provides that the juvenile court may enjoin "any person" from "contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace" of any child or parent. (§ 213.5, subd. (a); see Cal. Rule of Court, rules 5.620(b) & 5.630.)

The juvenile court's restraining order against V.L. directed him to stay away from and not contact M.A. and the children, except as stated in the visitation orders.[2] The order was to expire in four years.

---

2     Specifically, with respect to M.A. and the children, the January 23, 2020 pre-preprinted order (form JV-255) restrained V.L. from having "5.a. (2) [c]ontact either directly or indirectly in any way, including but not limited to, in person, by telephone, in

V.L. contends the court lacked jurisdiction to issue a restraining order in excess of the three-year limitation of section 213.5, subdivision (d). The Department takes no position on the issue, thereby implicitly conceding the point.

Our review of the juvenile court's order is de novo. (*In re Destiny D.* (2017) 15 Cal.App.5th 197, 205.) The resolution here is straightforward. Section 213.5, subdivision (d)(1) permits the juvenile court to issue an order which "shall remain in effect, in the discretion of the court, *no more than three years*, unless otherwise terminated by the court, extended by mutual consent of all parties to the restraining order, or extended by further order of the court on the motion of any party to the restraining order." (Italics added.) Thus, the plain language of the statute mandates an initial maximum three-year term. (See *Maricela C. v. Superior Court* (1998) 66 Cal.App.4th 1138, 1143-1144 [court should give the words of a statute "their ordinary, everyday meaning," and neither interpretation nor construction is required where the language "is without ambiguity, doubt, or uncertainty"].) Because neither section 213.5 nor any case authority we are aware of confers discretion on the court to set an initial duration of the

writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax or by other electronic means[,] [¶] except by visitation as indicated [in attached schedule]. [¶] b. must stay away at least . . . 100 yards from . . . (1) [M.A. and the children] except for visitation as indicated . . . . (2) home of [M.A. or the children]. (3) job or workplace of [M.A. or the children]. (4) vehicle of [M.A. or the children]. (5) school of [M.A. or the children]. (6) the children's school or childcare." Additionally, V.L. "must NOT take any action to get the address or location of [M.A. or the children] or the addresses or locations of the family members, caregivers, or guardians of [M.A. or the children]."

restraining order beyond three years, the court exceeded its jurisdiction in issuing a four-year restraining order.[3]

We remand for the juvenile court to issue a new restraining order with an expiration date no later than January 22, 2023. Upon the filing of that new order, the existing restraining order will be deemed vacated. Nothing in this opinion precludes the juvenile court from extending the duration of the new restraining order upon a motion by a party to the order. (See § 213.5, subd. (d)(1).)

**B.**     **The Juvenile Court Did Not Err By Including the Children as Protected Persons**

Appellate courts have applied the substantial evidence standard to determine whether sufficient evidence supported the factual findings for a restraining order and the abuse of discretion standard to determine whether the court properly issued the restraining order. (*In re N.L.* (2015) 236 Cal.App.4th 1460, 1466.) The practical differences, however, between the two

---

3      Although the juvenile court did not mention section 213.5 in granting the restraining order, M.A.'s pre-printed request (form JV 245) and the order itself both referenced the statute. We conclude the basis for the order was section 213.5, subdivision (a) as opposed to the court's inherent power to issue orders protecting a child or a parent. (See *In re M.B.* (2011) 201 Cal.App.4th 1057, 1064 [juvenile court may prevent violence by a parent against a social worker under statute allowing employers to protect their employees, as well as under its inherent power to issue injunction].) "In a dependency [action] . . . the court has the inherent authority to prevent abuses that could undermine the proper administration of justice." (*Ibid.*)

standards are insignificant. (*Ibid.*) "If there is substantial evidence supporting the order, the court's issuance of the restraining order may not be disturbed." (*Ibid.*)

A juvenile court has broad discretion under section 213.5 to implement restraining orders to protect a dependent child or caregiver during the proceedings. Issuance of a restraining order under the statute does not require evidence that the restrained person has previously harmed the child. (*In re B.S.* (2009) 172 Cal.App.4th 183, 193.) Rather, the order should issue if failure to do so might jeopardize the child's safety. (*Id.* at p. 194.)

V.L. contends the court improperly included the children as protected persons in the restraining order. He argues a "restraining order naming only [M.A.] as a protected person and the juvenile court's assumption of dependency jurisdiction, with its attendant orders removing [the children] from [V.L.] and limiting [V.L.] to monitored visitation with the children, provides the children sufficient judicial protection." V.L. maintains any future incident could not involve a gun, because the restraining order prohibits him from possessing or in any way obtaining a firearm.

According to V.L., this case is similar to *In re C.Q.* (2013) 219 Cal.App.4th 355, which involved a father who was the subject of a restraining order protecting his three children, ages, 11, 12 and 16, from him. (*Id.* at pp. 357, 362-363.) During an argument, the father punched the mother's arm. (*Id.* at p. 358.) Their twelve-year-old daughter stepped between her parents and asked the father to stop. (*Ibid.*) The father then left the home. (*Ibid.*) None of the children expressed fear of the father or wanted him to leave. (*Id.* at pp. 358-359.) Our colleagues in Division One concluded the single incident of the father's domestic violence

was insufficient evidence to support the inclusion of the three children in the restraining order. (*Id.* at pp. 365-366.)

Here, the evidence before the juvenile court was quite different. V.L. had a history of alcohol abuse. On December 29, 2013, he was convicted of driving under the influence of alcohol. When interviewed initially in this case, V.L. told a Department social worker that he had experienced an alcohol problem "for the past 15 years" and still drank six to eight beers daily. Interviewed again on December 26, 2019, V.L. described his alcohol consumption as "casually drink[ing]," consuming two to three drinks a day.

V.L. also had a history of emotionally abusing M.A. when he was intoxicated, at times in front of the children. A year earlier, M.A. and the children left the house for several months because V.L.'s anger and drinking were out of control. On the night of December 3, 2019, he was drunk, ranting and belligerent toward M.A. The following morning, still intoxicated, V.L. told his five and eight-year-old children that M.A. "had called the police on him." When she voiced her intention to leave, V.L. retrieved a gun and threatened to kill himself, terrifying his extremely young children. V.L. had threatened to commit suicide in the past, but he had never pulled out a gun.

Evidence that V.L. minimized his chronic alcohol abuse just a month before the jurisdiction hearing, emotionally abused M.A. and his children, experienced an alcohol-fueled rage prompting him to threaten suicide using a gun, and engaged in dangerous conduct even after the police had come to his home hours earlier, supported a reasonable inference he may jeopardize the safety of his very young children if they were not included in the restraining order.

We applaud V.L.'s expressed concerns for his children and his efforts to address his alcohol abuse. Nonetheless, he has failed to demonstrate the juvenile court erred by including the children in the restraining order. Sufficient evidence supports the issuance of the order protecting the children and M.A. from him.

## DISPOSITION

The matter is remanded to the juvenile court for the issuance of a restraining order on the same terms as the restraining order filed on January 23, 2020, but with an expiration date of January 22, 2023. Upon the filing of the new restraining order, the existing restraining order shall be deemed vacated. Nothing herein precludes the juvenile court from extending the term of the new restraining order pursuant to Welfare and Institutions Code section 213.5, subdivision (d)(1), or other applicable law. The remaining orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.